# EXHIBIT "A"



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

ROBERT W. BABCOCK
3910 BRAIDWOOD DRIVE
HILLIARD, OH 43026,

PLAINTIFF,

VS.

ONLINE INFORMATION SERVICES INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215,

DEFENDANT.

20CV-08-5676
CASE NUMBER

**** SUMMONS **** 08/26/20

TO THE FOLLOWING NAMED DEFENDANT:
ONLINE INFORMATION SERVICES INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY: ROBERT W. BABCOCK
3910 BRAIDWOOD DRIVE
HILLIARD, OH 43026,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
JEFFREY T. PERRY
7240 MUIRFIELD DR STE 120
DUBLIN, OH 43017

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: BROOKE ELLIOTT, DEPUTY CLERK

(CIV370-S03)



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE J. BROWN

ROBERT W. BABCOCK,

PLAINTIFF,

VS.

ONLINE INFORMATION SERVICES INC
ET. AL.,

DEFENDANT.

20CV-08-5676
CASE NUMBER

CLERK'S ORIGINAL CASE SCHEDULE

| | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 08/26/20 |
| INITIAL STATUS CONFERENCE | ******** |
| INITIAL JOINT DISCLOSURE OF ALL WITNESSES | 01/13/21 |
| SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES | 03/10/21 |
| DISPOSITIVE MOTIONS | 06/02/21 |
| DISCOVERY CUT-OFF | 06/16/21 |
| DECISIONS ON MOTIONS | 07/28/21 |
| FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) | 08/23/21 0930AM |
| TRIAL ASSIGNMENT | 09/20/21 1030AM |

NOTICE TO ALL PARTIES

ALL ATTORNEYS AND PARTIES SHOULD MAKE THEMSELVES FAMILIAR WITH THE COURT'S LOCAL RULES, INCLUDING THOSE REFERRED TO IN THIS CASE SCHEDULE. IN ORDER TO COMPLY WITH THE CLERK'S CASE SCHEDULE, IT WILL BE NECESSARY FOR ATTORNEYS AND PARTIES TO PURSUE THEIR CASES VIGOROUSLY FROM THE DAY THE CASES ARE FILED. DISCOVERY MUST BE UNDERTAKEN PROMPTLY IN ORDER TO COMPLY WITH THE DATES LISTED IN THE RIGHT-HAND COLUMN.

BY ORDER OF THE COURT OF COMMON PLEAS,
FRANKLIN COUNTY, OHIO

__/__/__
DATE

MARYELLEN O'SHAUGHNESSY, CLERK

(CIV363-S10)

MARYELLEN O'SHAUGHNESSY

**FRANKLIN COUNTY CLERK OF COURTS**
**GENERAL DIVISION, COURT OF COMMON PLEAS**

**CASE TITLE: ROBERT W BABCOCK -VS- ONLINE INFORMATION SERVICES INC ET AL** **CASE NUMBER: 20CV005676**

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
CASE INFORMATION SHEET
COMPLAINT
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
DUKE ENERGY
C/O DUKE ENERGY OHIO INC
139 EAST FOURTH STREET
CINCINNATI, OH 45202

ONLINE INFORMATION SERVICES INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 26 6:15 PM-20CV005676
0F221 - F49

JUVENILE CITATIONS ONLY:

HEARING TYPE:

__ Date already scheduled at : Courtroom:

**Electronically Requested by:** JEFFREY THOMAS PERRY
**Attorney for:**

**In the Court of Common Pleas, Franklin County, Ohio, General Division**

ROBERT W. BABCOCK,
Plaintiff/Appellant,

vs. Case No. ____________

ONLINE INFORMATION SERVICES, II,
Defendant/Appellee,

**Civil Case Filing Information Summary**

**Type of Action/Case Classification:**

**Professional Tort (Type A)**
($225.00 Security Deposit Required)

**Product Liability (Type B)**
($225.00 Security Deposit Required)

**Other Torts (Type C)**
($225.00 Security Deposit Required)

**Workers Compensation (Type D)**
($225.00 Security Deposit Required)

**Foreclosure (Type E)**
($350.00 Security Deposit Required)

**Administrative Appeal (Type F)**
($100.00 Security Deposit Required)

✔ **All Other Civil Cases (Type H)**
($225.00 Security Deposit Required)

**Cognovit Confession of Judgment (H)**
($100.00 Security Deposit Required)

**JURY DEMAND?** Yes
($300.00 Additional Security Deposit Required) (Yes or No)

**Total Security Deposit** $225.00

Is a **TEMPORARY RESTRAINING ORDER** being requested at this time? No (Yes or No)

Is this a case in which **ALL** the issues presented are a result of the defendant(s) having signed and defaulted on a **COGNOVIT NOTE**? No (Yes or No)

Is this a **FORCIBLE ENTRY AND DETAINER** case? No (Yes or No)

Does this case include allegations of **CONSUMER SALES PRACTICES ACT** violations under Chapter 1345 or any other statutory consumer protection provision of the Ohio Revised Code? Yes (Yes or No)

**Refiling Information:**

If this is a **REFILING** of a previously dismissed case, please complete the following:

Previous Case No. ____________ Original Judge ____________

____________
Attorney/Party Signature

0088989
Attorney Ohio Sup. Ct. Registration No.

Jeffrey T. Perry
Attorney/Party Name (Type or Print)

614-668-8442
Telephone Number

7240 Muirfield Drive, Suite 120
Mailing Address

614-675-2210
Facsimile Number

Dublin OH 43017
City State Zip Code

**THIS PAGE INTENTIONALLY LEFT BLANK**

0F221 - F15
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 28 6:15 PM-20CV005676

**IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO**
**CIVIL DIVISION**

ROBERT W. BABCOCK
3910 Braidwood Drive
Hilliard, OH 43026

Plaintiff

-vs-

ONLINE INFORMATION SERVICES, INC.
C/O Registered Agent
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215

and

DUKE ENERGY
C/O Registered Agent
Duke Energy Ohio, Inc.
139 East Fourth Street
Cincinnati, OH 45202

Defendants

CASE NO.

JUDGE:

**CATEGORY H**
**COMPLAINT**

**(Jury Demand Endorsed Herein)**

---

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

---

Now comes Plaintiff **Robert W. Babcock** (hereinafter "Babcock" or "Plaintiff"), by and through counsel, and for his Complaint against the Defendants **Online Information Services, Inc.** (hereinafter "Online Information Services" or "Defendant"), and **Duke Energy** (hereinafter "Duke" or Defendant"), Plaintiff states as follows:

1. This is an action brought under the laws of the State of Ohio, and the United States, for violations of Ohio's consumer sales practices act ("CSPA"), negligent misrepresentation,

fraudulent misrepresentation, and for violations of the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

2. Defendant Online Information Services, Inc. is a foreign corporation, registered to do business with the Ohio Secretary of State (Entity No. 1483991).

3. Defendant Duke Energy is a foreign corporation, registered to do business with the Ohio Secretary of State (Entity No. 1604130).

4. Venue is proper in this Court pursuant to Ohio Civ. R. 3(C)(3) in that Defendants transact business in the State of Ohio and/or Franklin County, and a substantial part of the events giving rise to the claims occurred in Franklin County.

5. Jurisdiction over the subject matter of this action lies with this Court pursuant to R.C. § 1345.04 of the Consumer Sales Practices Act ("CSPA").

6. This is an action for damages in an amount exceeding Twenty-Five Thousand and No/$^{100}$ ($25,000.$^{00}$) Dollars and hence is within the subject matter jurisdiction of this Court.

**THE PARTIES**

7. The Plaintiff is sui juris and a permanent resident of Franklin County Ohio.

8. Defendants are sui juris and transact business in Franklin County Ohio.

9. At all times material, Defendants and their agents, employees, and representatives were residing and/or transacting business in Franklin County Ohio.

10. At all times hereinafter mentioned and at the time of the incidents complained of, Defendants did hire agents, employees, and representatives, and Defendants exercised jurisdiction and control over the procedures that said agents, employees, and representatives had the privilege to perform, and Defendants determined the

qualifications or lack of qualifications of said agents, employees, and representatives, as the same related to those procedures and duties that were devised by Defendants for the aforementioned agents, employees, and representatives.

11. The Plaintiff is a **Consumer** as that term is defined in R.C. § 1345.01(D).

12. The Plaintiff is a **Consumer** within the meaning of 15 U.S.C. § 1692a(3).

13. At all relevant times Defendant Online Information Services conducted business as a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

14. At all relevant times Defendant Online Information Services is a **Supplier** within the meaning of R.C. § 1345.01(C), as it was engaged in the business of effecting consumer transactions.

15. At all relevant times herein Defendant Duke conducted business as a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

16. At all relevant times Defendant Duke was and is a **Supplier** within the meaning of R.C. § 1345.01(C), as it was engaged in the business of effecting consumer transactions.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

17. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further alleges the following matters.

18. On or about April 29, 2020, the Plaintiff received a final bill from Defendant Duke Energy in the amount of $117.^{25}. A true and accurate copy of the final bill is attached hereto, marked Exhibit A.

19. Defendant Online Information Services was assigned or acquired the account.

20. Defendant Online Information Services, acting on behalf of Defendant Duke Energy, reported an allegedly past due balance of $7,482.[00], which balance was categorized as "*[s]eriously past due date / assigned to attorney, collection agency, or credit grantor . . .* " A true and accurate copy of the Plaintiff's Experian report, dated May 5, 2020, is attached hereto, marked Exhibit B.

21. As it happens, on or about April 3, 2020, the Plaintiff was offered a Client Care Specialist position with JPMorgan Chase & Co., in Columbus, Ohio, at an annualized salary of approximately $52,900.[00], plus overtime. The Plaintiff was to begin work on April 27, 2020. A true and accurate copy of the Plaintiff's offer letter is attached hereto, marked Exhibit C.

22. Pursuant to the Plaintiff's employment application, JPMorgan Global Workforce Screening Team conducted a routine background investigation.

23. As a proximate result of Defendants' attempt to collect a fabricated debt, and as a proximate result of Defendants' false reporting to the credit bureaus, as outlined herein, JPMorgan Chase & Co. rescinded the Plaintiff's employment offer. *See* Exhibit D.

24. On or about June 16, 2020, the Plaintiff, by and through counsel, via U.S. Certified Mail, brought to Defendants' attention the foregoing irregularities, and requested an itemized accounting of fees and costs to validate the inflated alleged debt, pursuant to 15 U.S.C. § 1692g. A true and accurate copy of the Plaintiff's demand letter is attached hereto, marked Exhibit E.

25. The Plaintiff, by and through counsel, requested a copy of Defendants' ledger by which fees and costs were allegedly assessed. *Id.*

26. Defendant Online Information Services received and signed for the Plaintiff's demand letter on or about June 19, 2020. A true and accurate copy of the USPS return receipt is attached hereto, marked Exhibit F.

27. Defendant Duke Energy received and signed for the Plaintiff's demand letter on or about June 22, 2020. A true and accurate copy of the USPS return receipt is attached hereto, marked Exhibit G.

28. Defendants refused the Plaintiff's requests for an itemized accounting of fees and costs, and for a copy of Defendants' ledger.

29. Defendants instead merely removed the fabricated collections account from the Plaintiff's Experian, Equifax, and Transunion credit reports. *See* Exhibits H-J.

**COUNT ONE**
**FALSE OR MISLEADING REPRESENTATIONS**
**FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**

30. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further alleges the following matters.

31. The collections account is a debt within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as it was an alleged obligation of the Plaintiff to pay money in return for services for personal, family, or household purposes.

32. Defendants Online Information Services' and Duke Energy's actions of reporting a collections account, misrepresenting an amount allegedly due of $7,482.$^{00}$, an inflated and unaccounted for amount, constitute a false, deceptive, and/or misleading practice in attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

33. The Plaintiff has suffered emotional distress as a result of Defendants Online Information Services' and Duke Energy's actions.

34. Defendants Online Information Services and Duke Energy are liable to the Plaintiff under this Count for their FDCPA violations, for the Plaintiff's actual damages, for each of Defendants' violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); damages for emotional distress; statutory damages in the amount of $1,000.[00], 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and the costs of this action, 15 U.S.C. § 1692k(a)(3).

**COUNT TWO**
**FAILURE TO VALIDATE DEBTS**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

35. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further alleges the following matters.

36. The Plaintiff issued written notification disputing the debt, and requesting validation of the debt, on or around June 16, 2020.

37. Defendants Online Information Services and Duke Energy refused to validate the disputed debt.

38. On July 11 and July 19, 2020, Defendants Online Information Services and Duke Energy only removed the fabricated collections account from the Plaintiff's Experian, Equifax, and Transunion credit reports.

39. Defendants Online Information Services' and Duke Energy's actions, in refusing to validate the debt constitute a violation of the FDCPA, 15 U.S.C. § 1692g, for failure to validate debts.

40. The Plaintiff has suffered emotional distress as a result of Defendants Online Information Services' and Duke Energy's actions.

41. Defendants Online Information Services and Duke Energy are liable to the Plaintiff under this Count for their FDCPA violations, for the Plaintiff's actual damages, for each of Defendants' violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); damages for emotional distress; statutory damages in the amount of $1,000.00, 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and the costs of this action, 15 U.S.C. § 1692k(a)(3).

## COUNT THREE
## FRAUDULENT MISREPRESENTATION

42. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further alleges the following matters.

43. Defendant Online Information Services and Defendant Duke Energy made affirmative misrepresentations, demanding the inflated sum of $7,482.00.

44. Material to the Plaintiff was the true amount of only $117.25.

45. Defendants' misrepresentations were made with knowledge of the collection account's falsity, or with such utter disregard and recklessness as to whether the collection account was accurate that knowledge may be inferred.

46. Defendants' knowledge of their failure to account for the alleged fees and costs, and of the true amount due, is clear and incontrovertible.

47. As a direct and proximate result of these misrepresentations, the Plaintiff has and will continue to suffer damages including, but not limited to, a lost employment opportunity, inconvenience, emotional distress, incidental damages, and consequential damages.

**COUNT FOUR**
**NEGLIGENT MISREPRESENTATION**

48. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further alleges the following matters.

49. Defendants were under a duty not to misrepresent the debt's character, amount, or legal status, or to collect expenses incidental to the principal amount of the debt, not expressly authorized by agreement, or permitted by statute.

50. Defendant Online Information Services and Defendant Duke Energy negligently misrepresented the debt, demanding the inflated sum of $7,482.00.

51. As a direct and proximate result, the Plaintiff has and will continue to suffer damages including, but not limited to, the damages outlined above in this Complaint.

**COUNT FIVE**
**CSPA FOR FDCPA VIOLATIONS**

52. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further alleges the following matters.

53. At all times relevant to this incident, Defendants were and are subject to Ohio's Consumer Sales Practices Act, R.C. § 1345.01, *et seq.*

54. Violating the FDCPA has been determined by a court of this state to violate the CSPA, and that decision was made available for public inspection under R.C. § 1345.05(A)(3) prior to the transaction at issue. *Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003) (https://opif.ohioattorneygeneral.gov/Case/Detail/2144).

55. Defendants' actions, as outlined above in Count One and in the Factual Allegations of this Complaint, are unfair or deceptive acts or practices in violation of Ohio's CSPA, R.C. § 1345.02.

56. Defendants' actions, as outlined above in Count One and in the Factual Allegations of this Complaint, are unconscionable consumer sales acts or practices in violation of Ohio's CSPA, R.C. § 1345.03.

57. Defendants' actions, as outlined above in Count One and in the Factual Allegations of this Complaint were committed with knowledge within the meaning of R.C. § 1345.01(E).

58. Plaintiff's actual damages under the CSPA are equal to the total value of damages under the FDCPA.

59. Defendants are liable to Mr. Babcock in an amount equal to three times his actual economic damages under the FDCPA, pursuant to R.C. § 1345.09(B); $5,000.00 in non-economic damages, pursuant to R.C. § 1345.09(B); and attorney's fees and costs for this action, pursuant to R.C. § 1345.09(F), for each violation of the CSPA.

0F221 - F24 Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 26 6:15 PM-20CV005676

## REQUEST FOR RELIEF

**WHEREFORE**, on all claims the Plaintiff demands judgment in his favor and against Defendants Online Information Services, Inc. and Duke Energy, jointly and severally, as follows:

A. Declaratory judgment that each act or practice complained of herein violates the Consumer Sales Practices Act, and its Substantive Rules, in the manner set forth in the Complaint; and

B. Actual damages including, but not limited to, treble damages pursuant to R.C. § 1345.09(B); and

C. Actual damages plus, as a jury determines, adequate compensation for Mr. Babcock's emotional damages, pursuant to 15 U.S.C. § 1692k(a)(1); and

D. Statutory damages pursuant to R.C. § 1345.09(B) of Five Thousand and No/100 ($5,000.00) Dollars; and

E. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of One Thousand and No/100 ($1,000.00) Dollars; and

F. Punitive damages; and

G. Pre-judgment and post-judgment interest at the statutory rate; and

H. The Plaintiff's expenses of litigation, including reasonable attorney's fees and costs of this action; and

I. Such other relief as this Court shall deem proper..

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442
(614) 675-2210 fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiff*
Robert W. Babcock

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury as to all claims so triable.

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442
(614) 675-2210 fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiff*
Robert W. Babcock

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 26'th day of August, 2020, a copy of the foregoing was filed with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt, pursuant to Civ.R. 5(B)(2)(f). All other parties will be served by regular US Mail, postage prepaid pursuant to Civ.R. 5(B)(2)(c):

ONLINE INFORMATION SERVICES, INC.
C/O Registered Agent
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215

DUKE ENERGY
C/O Registered Agent
Duke Energy Ohio, Inc.
139 East Fourth Street
Cincinnati, OH 45202

/s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.: 0088989

*Counsel for Plaintiff*
Robert W. Babcock

DUKE ENERGY

** FINAL BILL **

Amount Due

$ 117.25

Account Number 9250-0478-48-0 [illegible]

$ ______ Voluntary Contribution for Customer Assistance

$ ______ Amount Enclosed

[illegible]

ROBERT BABCOCK
[illegible]
CINCINNATI OH [illegible]

PO Box 1326
Charlotte NC 28201-1326

400 0000117250 92500478480 000000000 00000117250

** FINAL BILL ** [illegible]

Page 1 of 1

| Name/Service Address | For Inquiries Call | | Account Number |
| --- | --- | --- | --- |
| Robert Babcock<br>121 Parker<br>FL 1<br>Columbus OH [illegible] | Duke Energy | 1-800-544-6900 | 9250-0478-48-0 |

| Mail Payments To | Account Information | |
| --- | --- | --- |
| PO Box 1326<br>Charlotte NC 28201-1326 | Payments after Apr 20 not included | Bill processed on Apr 20, 2020 |

| Current Billing | |
| --- | --- |
| Amt Due - Previous Bill | $ 115.52 |
| Late Payment Charge(s) | 1.73 |
| Current Amount Due | $ 117.25 |

Charges from your Electric Supplier were unavailable at billing and will appear on a future bill.

If you have any questions about electric supplier service received from Liberty Power Holdings, please call them at 1-866-769-3799 or write to: 2100 W. Cypress Creek Road Suite 130 Fort Lauderdale, FL 33309

Robert (Bobby) Babcock
614-302-3954

Plaintiff's
Exhibit A

** FINAL BILL **

DUKE ENERGY

**THIS PAGE INTENTIONALLY LEFT BLANK**

ROBERT W BABCOCK - Experian
Date of Report: May 5, 2020

ONLINE COLLECTIONS
519166XXXXXXXXX

NotsatisfyingF20_TRADE

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | ONLINE COLLECTIONS |
| Account # | 519166XXXXXXXXX |
| Original Creditor | DUKE ENERGY MW |
| Company Sold | - |
| Account Type | COLLECTION |
| Date Opened | Jul 2017 |
| Account Status | NotsatisfyingF20_TRADE |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| Status Updated | Jul 2017 |
| Balance | $7,482 |
| Balance Updated | Apr 13, 2020 |
| Original Balance | $7,482 |
| Monthly Payment | - |
| Past Due Amount | $7,482 |
| Highest Balance | - |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | Completed investigation of FCRA dispute — consumer disagrees |
| Comments | Subscriber reports dispute resolved - consumer disagrees |
| | Completed investigation of FCRA dispute — consumer disagrees |

## CONTACT INFORMATION

PO BOX 1489
WINTERVILLE, NC 28590
(252) 757-2101

## PAYMENT HISTORY

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | Collection | Collection | Collection | Collection | | | | | | | | |
| 2019 | Collection | Collection | Collection | Collection | Collection | Collection | Collection | | Collection | Collection | Collection | Collection |
| 2018 | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection |
| 2017 | | | | | | | | Collection | Collection | Collection | Collection | Collection |

Data Unavailable

Plaintiff's
Exhibit B

Summary | Accounts | Collections | Inquiries | Public Records | Credit Score

**THIS PAGE INTENTIONALLY LEFT BLANK**



Careers

Back

Subject: **Your offer of employment from J.P.Morgan**

From: JPMorgan Chase

Sent date: Apr 3, 2020

**JPMORGAN CHASE & CO.**

**Message from Jamie Dimon, Chairman and CEO**

Congratulations on your new opportunity as you grow your career with JPMorgan Chase. We're building the best and most respected financial services company in the world, and we would not be the exceptional company we are today without talented people like you.

We constantly remind ourselves that one of the most important things we can do for our employees is to build a healthy, vibrant company that creates opportunities. In your new role, you will have plenty of opportunities to grow, so take advantage of them.

Here are a few suggestions: Learn new skills and build your expertise. Help us find new ways we can continually innovate faster, better and more efficiently. Take the time to partner, collaborate and communicate effectively. And continue to do your best work for our clients, customers and communities. All the while, you'll be supported by colleagues who care about your development and welcome your feedback as we drive our business forward.

Remember, your success is fundamental to our success. You are part of a diverse, inclusive culture that differentiates us from our peers and sets a positive example for industries to follow. It's how we do business at JPMorgan Chase – and you are a critical part of it.

I wish you all the best in your exciting new role.

Plaintiff's Exhibit C



April 3, 2020

Robert Babcock
5301 Kenwood Rd
Cincinnati, Ohio 45227

Dear Robert,

We are pleased to offer you the position of Client Care Specialist II - Centralized Sales - Columbus, OH with JPMorgan Chase*, which we will refer to as "the Firm." We are excited about you joining our company.

We expect you to start on April 27, 2020, reporting to Brock Barnett and your work location will be: 3415 Vision Drive, Columbus, OH 43219.

This letter includes details of your position, compensation, terms and conditions of your offer and next steps. This offer is contingent upon your acceptance. If you do not accept the offer within a reasonable timeframe from the date of delivery, we will consider it withdrawn.

**Your Pay:**
Your hourly base salary rate(s) will be:
$26.45 per hour
$39.68 per hour for overtime

We will pay you overtime when you work more than 40 hours in a work week (or the hours required under applicable state law). Your overtime pay rate might vary if your base-rate calculations include incentives.

**Training and Schedule:**
On your first day, please report to 3415 Vision Drive, Columbus, OH 43219 for Client Care Specialist Training, which begins at 9:00am.

This training is essential to your success; your attendance and punctuality during training is mandatory. In addition, we will evaluate your knowledge and performance during and after completion of training. Both your successful completion of training and our evaluation that you are ready to move into your role are requirements for your continued employment. Your schedule for training will be: 9:00am to 6:00pm Monday through Friday for the first 2 weeks.

Once you complete the training and evaluation successfully, we expect your regular work schedule to be: 9:00am to 6:00pm Monday through Friday. Your manager will let you know if we need to change it, based on business needs.

**Safe Act NMLS Registration**
For this position, you must register on the National Mortgage Licensing System and Registry (NMLS) under the SAFE Act of 2008 within 30 days of your start date.

You also must update your NMLS registration when you have any changes to your personal information and renew it each

year when notified.

Please ensure the information in your online application is accurate because it can affect your employment here and the information we send to NMLS. For additional information, please email the JPMorgan Chase SAFE Act Team at SAFE.Act.Registration.and.Compliance@jpmorgan.com.

**Truth in Lending Act Qualification – Satisfying Regulatory Requirements:**
At Chase, our mission is to be the most trusted provider of financial services. In order to build and maintain that trust, Chase employees are held to a high standard both personally and professionally. These high standards are set by government regulation as well as company policy.

In this role, you are considered a "loan originator" under the Truth in Lending Act/Dodd Frank Act because you may help customers with information or applications for mortgage-related products. This means that in addition to Chase's standard pre-employment background checks, which includes a criminal background check, your offer for this position is contingent on Chase's review of your credit report, any information available through National Mortgage Licensing System and Registry as applicable and any other relevant information. Items that may impact your ability to work in this position include convictions or program entries for crimes of dishonesty, breach of trust or money laundering, as well as any felony conviction(s) during the last seven years or certain government or tax liens, among others.

Your employment depends upon successfully passing the initial review and then maintaining your eligibility by continually demonstrating financial responsibility, integrity and honesty.

**Pre-Employment Processing:**
This offer of employment is also subject to the satisfactory completion of all pre-employment processing, including various background checks, fingerprint processing, drug screening (if applicable), and Government employment screening (if applicable), as well as execution of any other forms necessary for employment. This offer and continued employment is contingent upon your ability to establish identity and valid employment eligibility by completing a Form I-9 on the new hire portal. We will verify your employment eligibility through the E-Verify Program, which allows employers to electronically compare information taken from the Form I-9 against records of the Social Security Administration and the Department of Homeland Security. Please be prepared to present your identity and employment eligibility documents before your first day so we can resolve any issues before your new opportunity begins.

We will update you throughout the pre-employment process on steps you need to complete before starting your position. You will receive a separate email with instructions to access Startme, the new hire onboarding tool. If you have any questions, please contact the JPMorgan Chase Pre-Employment team at 1-877-576-2427.

**Benefits:**
JPMorgan Chase provides a comprehensive benefits program for our employees and their eligible dependents. For details about the various plans and how to enroll in them, please visit the new hire portal during your onboarding process.

As an employee, Chase provides certain benefit materials electronically via company email and/or Intranet (accessible from work and home). By accepting this offer, you consent to receiving documents electronically, including summary plan descriptions, plan prospectuses, etc. for the JPMorgan Chase Benefits Program. If you prefer a paper copy, you can request it from the applicable call center for that benefit plan. A list of plan call centers can be found in the Highlights of the JPMorgan Chase U.S. Benefits Program under the section, Benefits at a Glance.

**Terms & Conditions:**
Review all the information in this letter to confirm that it reflects our discussions to date. This document will legally supersede anything we've communicated previously verbally or in writing. If anything needs to change, we will need a

new document that refers to this offer and both you and Chase will need to sign it.

This offer of employment is subject to all the terms, conditions and attachments included in this document, the Binding Arbitration Agreement and all Firm policies and procedures, including but not limited to the JPMorgan Chase Code of Conduct and the Intellectual Property Policy.

**Introductory Period and "At-Will" Employment:**
Your first 90 days on the job are an introductory period. It lets us evaluate how you're adjusting to your new job and our organization. Plus it's the time during which we can make sure that you understand your role and responsibilities and our performance standards and policies. You are an "at-will" employee both during and after this introductory period, which means that either you or Chase can end your employment at any time, for any or no reason.

If you have any other questions, please contact me at 972-324-8772.

Once again, we look forward to having you join us.

Sincerely,

Douglas Hill

*Your formal legal employer is JPMORGAN CHASE BANK, N.A.

**Appendix: Systems Monitoring Activities and Cross-Border Transfers:**

The following provides a summary of how JPMorgan Chase & Co., its affiliates and its subsidiaries and the entity that employs you, or for which you provide services (collectively, "JPMC"), conducts Systems monitoring. JPMC may conduct monitoring to the extent permitted by applicable law.

JPMC conducts monitoring of JPMC's physical facilities and its equipment and systems (collectively, the "Systems"). System monitoring applies to your JPMC equipment, your personal equipment when accessing the Systems, and the communications, information, and materials conveyed or accessed using the Systems. Monitoring activities may include the monitoring and logging of traffic and usage data of all electronic communications; monitoring of telephone calls to or from JPMC work telephones as permitted by applicable laws and subject to any required notices; monitoring of the contents of electronic communications, files, databases, applications, and internet usage; and logging hours worked and physical presence at JPMC's facilities if applicable. JPMC may at all times monitor, access, retrieve, record and review information obtained from the monitoring activities for various purposes, such as preventing and investigating activities that may violate JPMC's policies and ensuring compliance with legal or regulatory obligations. While conducting monitoring activities, JPMC may obtain and process personal information about you and others that may reside on the Systems.

The monitoring activities (including JPMC's collection and processing of personal or other information) are required for purposes of your employment or work assignment to promote adherence to applicable policies and regulations. Subject to applicable laws and regulations, if you object to this processing, JPMC may prohibit you from using the Systems; terminate offers of employment or work assignment; and, for employees, take disciplinary action against you, up to and including termination of your employment with JPMC.

JPMC may disclose the information it obtains in connection with monitoring activities to JPMC affiliates and to third parties, service providers, regulators, supervisory bodies, law enforcement and other government agencies. Information

obtained from the monitoring activities may be used as the basis to take disciplinary actions, up to and including termination or other legal action, for violations of JPMC's policies or applicable laws.

In addition to the monitoring activities discussed above, JPMC may obtain and store other information related to your employment or other working relationship, such as your compensation information, performance information, benefits information and other workplace-related data. JPMC may transfer such information, and the information it obtains in connection with monitoring activities, to countries other than the country in which the information originally was collected, including to the United States.

**Understanding Obligations under the Firm's Personal Account Dealing Policy (PAD):**

The Personal Account Dealing Policy (Policy) of JPMorgan Chase & Co. (firm or JPMC) is designed to help prevent and detect violations of securities laws and industry conduct standards and to minimize actual or perceived conflicts of interest that could arise due to personal investing activities.

PAD Compliance will notify you if the position you are being offered is considered to be subject to the Policy. You will remain subject for the duration of your time working in a subject group, unless notified otherwise of a change in subject status. Unless otherwise notified, you will continue to be subject to the provisions of the Policy even during leaves of absence from the firm, including, but not limited to, garden leave or medical leave.

You as well as your Connected Persons are subject to the provisions of this Policy and will need to be familiar with the obligations set forth in this policy. Connected Persons includes your spouse, domestic partner or minor children (even if financially independent) as well as anyone to whom you provide significant financial support or for which you, or anyone listed above, has or shares the power, directly or indirectly, to make investment decisions.

Once subject to the Policy, you must disclose and certify your Covered Accounts (which include accounts of your Connected Persons). You will be required to maintain your self-directed Covered Accounts with one of the firm's Approved Brokers and preclear all purchases, sales, pledges and gifts (received and given) of publicly traded and privately held financial instruments, unless listed as specifically exempt. Pre-approval confirmations must be received prior to executing the trade or investment. The firm may impose periodic restrictions on personal trading in certain financial securities. These restrictions can apply to all firm subject Workforce Members and their Connected Persons or may be limited to certain groups. Subject Workforce Members and their Connected Persons are not permitted to recommend or transact in the financial instruments of an issuer while in the possession of material non-public information (MNPI) regarding that issuer.

If you are a seasonal or short term employee the following requirements will apply:

JPMorgan Chase requires that seasonal workers refrain from trading in Covered Accounts for the time period that you are employed in a short term training program. Please verify that you will comply with the following personal trading requirements:

1. For the duration of the short term program I am joining I will not trade in any of my Covered Accounts
2. I understand that the Firm has the right to request account information for any of my Covered Accounts
3. If there is an extenuating circumstance that would compel me to place a trade in my Covered Accounts, I will obtain pre-approval of the trade by the Personal Account Dealing Group and I would be responsible for supplying all confirmations and statements to the Personal Account Dealing Group for that trade

*The term Covered Accounts refers to any securities accounts no matter where they are located and includes, but is not limited to, those accounts that are established, maintained or controlled (either directly or indirectly) by you, your spouse, domestic partner or minor children (even if financially independent), anyone to whom you provide significant financial

support, and in which the employee has a direct or indirect financial interest.

**Global Personal Trading Policy:**
The Personal Account Dealing of JPMorgan Chase & Co. is designed to help prevent and detect violations of securities laws and industry conduct standards and to minimize actual or perceived conflicts of interest that could arise due to personal investing activities. This Policy includes requirements for disclosing Covered Accounts, maintaining certain accounts at one of the firm's Approved Brokers, preclearing trades, and restrictions and prohibitions on certain types of trading activity. This Policy is subject to any applicable local laws and rules and should be read in conjunction with Supplements (regional/LOB) as well as the firm's Code of Conduct.

**Acceptance and Code Affirmation:**

Upon signing this letter I accept the terms and conditions described above. I hereby affirm that I have read and understood the JPMorgan Chase Code of Conduct (the "Code of Conduct"). I agree, as a condition of my employment, to comply with the Code of Conduct, as amended and in effect from time to time.

I understand that I have access to the Code of Conduct via the Internet, please click here prior to joining the firm, and through the firm's intranet once I begin employment.

I acknowledge that:

- the Code of Conduct requires that certain outside activities be approved in writing after I begin employment, and I agree that, if any such required approval is denied, I will cease the relevant activity immediately;
- the Code of Conduct imposes certain responsibilities that continue after my employment with JPMorgan Chase terminates, including but not limited to, the return of property, the protection of confidential information, and assisting with investigations or litigation related to my role at JPMC;
- the Code of Conduct also requires that I safeguard confidential information, including anything that I created while working for my previous employer(s); and I understand that I am not allowed to bring any of this with me to use at JPMorgan Chase or disclose any confidential information from a prior employer unless it has already been made public through no action of my own;
- my offer of employment is contingent upon a determination by JPMorgan Chase that neither the offer nor my employment would violate, or create the appearance of violating, the firm's Code of Conduct, Anti-Corruption Policy, or Human Resources policies and practices, or any applicable laws or regulations;
- I understand and agree that if I am an MD/SVP, ED or VP at the time of my termination I have certain additional responsibilities and restrictions that continue after my employment with the firm terminates, including a prohibition from soliciting or hiring JPMorgan Chase employees and soliciting customers; and
- it is my responsibility to be familiar with all of my post-employment obligations, and I agree to abide by those responsibilities after my employment terminates.

**Independent Auditor Tax Services to Employees of JPMorgan Chase and Its Affiliates:**
To be in compliance with the Public Company Accounting Oversight Board (PCAOB) Rule 3523, it is JPMorgan Chase's (JPMC) policy that PricewaterhouseCoopers (PwC) cannot provide any tax services to employees of JPMC or any of its controlled entities (hereafter referred to as JPMC employee). This restriction is regardless of whether the individual is in a financial reporting oversight role or not, and whether PwC is engaged by the individual or by JPMC. PwC is also prohibited from providing any tax services to a spouse of a JPMC employee if the work is related to a joint tax return. Exceptions to this policy will be reviewed on a case-by-case basis and will require the approval of the JPMC Controller.

**Binding Arbitration Agreement:**
JPMorgan Chase believes that if a dispute related to an employee's or former employee's employment arises, it is in the best interests of both the individual and JPMorgan Chase to resolve the dispute without litigation. Most such disputes are

resolved internally through the Firm's Open Communication Policy. When such disputes are not resolved internally, JPMorgan Chase provides for their resolution by binding arbitration as described in this Binding Arbitration Agreement ("Agreement"). "JPMorgan Chase" and the "Firm" as used in this Agreement mean JPMorgan Chase & Co. and all of its direct and indirect subsidiaries.

This Agreement will be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. section 1 *et seq.*

As a condition of and in consideration of my employment with JPMorgan Chase & Co. or any of its direct or indirect subsidiaries, I agree with JPMorgan Chase as follows:

1. **SCOPE:** Any and all "Covered Claims" (as defined below) between me and JPMorgan Chase (collectively "Covered Parties" or "Parties", individually each a "Covered Party" or "Party") shall be submitted to and resolved by final and binding arbitration in accordance with this Agreement.

2. **COVERED CLAIMS:** "Covered Claims" include all legally protected employment-related claims, excluding those set forth below in Paragraphs 3 and 4 of this Agreement, that I now have or in the future may have against JPMorgan Chase or its officers, directors, shareholders, employees or agents which arise out of or relate to my employment or separation from employment with JPMorgan Chase and all legally protected employment-related claims that JPMorgan Chase has or in the future may have against me, including, but not limited to, claims of employment discrimination or harassment if protected by applicable federal, state or local law, and retaliation for raising discrimination or harassment claims, failure to pay wages, bonuses or other compensation, tortious acts, wrongful, retaliatory and/or constructive discharge, breach of an express or implied contract, promissory estoppel, unjust enrichment, and violations of any other common law, federal, state, or local statute, ordinance, regulation or public policy, including, but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Section 1981 of the Civil Rights Act, and the Worker Adjustment and Retraining Notification Act.

3. **EXCLUDED CLAIMS:** This Agreement does not cover, and the following claims are not subject to arbitration under this Agreement: (a) any criminal complaint or proceeding, (b) any claims covered by state unemployment insurance, state or federal disability insurance, and/or state workers' compensation benefit laws, except that claims for retaliation pursuant to these laws shall be subject to arbitration under this Agreement, (c) any claim under the National Labor Relations Act, and (d) claims for benefits under a plan that is governed by Employee Retirement Income Security Act of 1974 ("ERISA").

Further, this Agreement also does not cover any action seeking only declaratory and/or emergency, temporary or preliminary injunctive relief (including a temporary restraining order) in a court of competent jurisdiction in accordance with applicable law, so long as that action is brought on an individual basis and not on a consolidated basis or as part of a collective or class action, and subject to the following:

- In the event such relief is sought by a Covered Party, who is not otherwise subject to the arbitration requirements of the Financial Industry Regulatory Authority ("FINRA"), after the court issues a ruling concerning emergency, temporary or preliminary injunctive relief, the parties must submit such claim if otherwise considered a Covered Claim to arbitration pursuant to this Agreement, and

- In connection with any such action related to post-employment restrictions (e.g., actions to enforce rights to trade secrets, or agreements not to compete or solicit customers or employees) on a Covered Party who is otherwise subject to the arbitration requirements of FINRA (absent this Agreement), in order for the Covered Parties to have available to them the expedited arbitration procedures provided by FINRA, after the court issues a ruling concerning emergency, temporary or preliminary injunctive relief, the parties must submit such claim if otherwise

concerning emergency, temporary or preliminary injunctive relief, the parties must submit such claim if otherwise considered a Covered Claim to arbitration before FINRA in accordance with its expedited arbitration procedures under FINRA Rule 13804.

4. **CLASS ACTION/COLLECTIVE ACTION WAIVER:** All Covered Claims under this Agreement must be submitted on an individual basis. No claims may be arbitrated on a class or collective basis unless required by applicable law. Covered Parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Furthermore, if a court orders that a class, collective, or other representative or joint action should proceed, in no event will such action proceed in the arbitration forum, subject to applicable law. Claims may not be joined or consolidated in arbitration with disputes brought by other individual(s), unless agreed to in writing by all parties or required by applicable law. To the extent there is a question of enforceability of class or collective arbitration, it shall be decided only by a court, not an arbitrator.

The arbitrator's authority to resolve disputes and make awards under this Agreement is limited to disputes between: (i) an individual and JPMorgan Chase; and (ii) the individual and any current or former officers, directors, employees and agents, if such individual is sued for conduct within the scope of their employment. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

I retain the right to challenge the validity of this Agreement upon grounds that may exist at law or equity and will not be subject to any form of retaliation for asserting such rights.

5. **ADMINISTRATIVE AGENCIES:** I understand that this Agreement does not preclude me from filing an administrative claim or charge with the Equal Employment Opportunity Commission ("EEOC") and/or state and local human rights agencies to investigate alleged violations of laws enforced by the EEOC or those agencies. However, I understand that I am not required to initiate an administrative proceeding before pursuing a Covered Claim under this Agreement. In the event I file such an administrative proceeding, I understand that I cannot pursue Covered Claims under this Agreement without first exhausting all required administrative remedies, such as obtaining a right to sue notice from the EEOC in order to arbitrate federal discrimination claims that require such a notice. By responding to administrative agencies, JPMorgan Chase does not waive its right to enforce this Agreement and the arbitrator shall treat a decision of an administrative agency in the same manner as it would be treated by a court of law.

6. **INITIATING ARBITRATION:** Arbitration under this Agreement shall be conducted before a single neutral arbitrator of the American Arbitration Association ("AAA")(unless the Parties agree upon another mutually acceptable arbitrator, in which case the arbitration will be conducted before such mutually acceptable arbitrator) in accordance with and selected pursuant to the rules and procedures of the Employment Arbitration Rules of the AAA ("AAA Rules") to the extent the AAA Rules do not conflict with the terms of this Agreement or applicable law. The AAA Rules will govern issues not explicitly addressed by this Agreement. Where there is a conflict between this Agreement and the AAA Rules, this Agreement will govern. Where there is a conflict between applicable law and the AAA rules and/or this Agreement, the applicable law will govern. I understand that arbitration under this Agreement will occur in the state where I am currently or was most recently employed by the Firm, unless otherwise agreed by the Parties. Information about AAA is available from its website www.adr.org. A Covered Party may contact them directly at 1-800-778-7879. A Covered Party who is otherwise subject to the arbitration requirements of FINRA who wishes to pursue arbitration of a Covered Claim, must file such Covered Claim with AAA (or other mutually acceptable arbitrator), except as otherwise provide in Paragraph 3 of this Agreement.

To initiate arbitration:

- A Covered Party must send a written demand for arbitration to any office of the AAA (or if another mutually acceptable arbitrator has been agreed to by the Parties, to the offices of such other arbitrator). The Covered Party

submitting the demand for arbitration must also simultaneously send a copy of the written demand for arbitration to the other Party (if being sent to JPMorgan Chase, the copy should be sent to the following address: JPMorgan Chase & Co. Legal Department, c/o Legal Papers Served, 4 Chase Metrotech Center, Floor 18, Brooklyn, NY 11245)

- Both of the following must be included in the demand for arbitration:

(a) A statement of the nature of the dispute, including the alleged act or omission at issue, the names of the parties involved in the dispute, the amount in controversy, if any, the remedy sought to resolve the issue (including the dollar amount, if any), the mailing address for future correspondence and the legal counsel, if any, and

(b) Any required filing fee. If a Covered Claim is filed by me, the filing fee is $100 payable by check, money order or any other method of payment permitted by the AAA (or another mutually acceptable arbitrator agreed to by the parties). In the event the filing fee required by the state or federal court in which the Covered Claim could have been brought is less than $100, JPMorgan Chase agrees to refund to me the difference between $100 and such state or federal court filing fee within 30 days of receiving notice of payment. Any demand received by the AAA (or another mutually acceptable arbitrator agreed to by the Parties) that is not accompanied by the required filing fee will be returned.

Nothing in this Agreement releases a Covered Party from any obligation to comply with timely filing requirements and statutes of limitations under applicable law, statutes, or regulations. Thus, whether or not a Covered Party chooses to file with administrative agencies, his/her arbitration must still be initiated as an arbitration within the applicable administrative, statutory or judicial filing time frame, as required by law, and the demand for arbitration must be received at the address above within the time period allowed pursuant to the statute, regulation or other law applicable to the alleged act or omission giving rise to the dispute. Nothing in this Agreement is intended or should be construed to shorten or extend the statute(s) of limitations and/or filing periods that exist under applicable law.

The submission and timing of any response to an arbitration demand shall be in accordance with AAA's Rules, which currently provides that a response be filed within 15 days after the date of the letter from the AAA (or other mutually agreed to arbitrator) acknowledging receipt of the demand for arbitration.

7. **ARBITRATION PROCEEDINGS:** The arbitrator will conduct the hearing as expeditiously as possible, while ensuring that all Parties have the opportunity to present evidence and arguments and ensuring that the Agreement is followed. The arbitrator will set the date, time, and place of the hearing, and AAA (or other arbitration provider mutually agreed to by the parties) will notify the Parties at least 30 calendar days in advance, unless the Parties otherwise agree. In the event the hearing cannot reasonably be completed in one day, the arbitrator will schedule the hearing to be continued on a date or dates that is/are convenient to both Parties. The arbitrator will make every effort to select a reasonably convenient location for the continued arbitration, without incurring additional expense, if possible.

(a) **Fees:** All ordinary and reasonable administrative expenses of the arbitration, including fees for a single arbitrator, hearing room expenses, travel expenses of the arbitrator, the AAA representatives (if applicable), and any witnesses produced at the arbitrator's specific request and not otherwise called by a party, will be paid completely by JPMorgan Chase. The fees and expenses of any witness, expert, consultant, interpreter and others retained or consulted by a party shall be paid by the party requiring the presence of such persons, subject to applicable law. JPMorgan Chase will not pay for fees or costs incurred as a result of deliberate and inappropriate delay or absence caused by employees or their counsel, as determined by the arbitrator and permitted by applicable law. Except as otherwise provided by law, all attorney's fees shall be paid by the party that incurs them. Nothing in this Agreement is intended or should be construed to require employees to bear any type of expense that they would not otherwise bear if the Parties were to litigate a Covered Claim in a court of law.

(b) **Legal Representation and Language Interpreter:** The Parties (if desired) may use the services of legal counsel and/or a language interpreter. The Parties utilizing such services are responsible for making and paying all fee and other

and/or a language interpreter. The Parties utilizing such services are responsible for making and paying all fee and other arrangements directly with the legal counsel and/or interpreter, subject to applicable law. Nothing in this Agreement is intended or should be construed to require employees to bear any type of expense that they would not otherwise bear if the Parties were to litigate a Covered Claim in a court of law.

(c) **Attendance at and Confidentiality of Arbitration Hearing:** The Covered Party, a JPMorgan Chase corporate representative of its choosing, and the arbitrator must be present at the hearing. In addition, an official recorder and legal counsel (for any party) also may attend the hearing. Further, the Parties may call witnesses to testify at the arbitration. Unless the parties agree otherwise, the arbitrator shall exclude witnesses (other than the represented Parties) from the hearing during the testimony of any other witness. The arbitrator, the Parties and their representatives must maintain the confidentiality of the hearings unless the law provides otherwise.

(d) **Discovery:** Discovery requests and the provision of discovery must be consistent with this Agreement, general standards of due process, the Rules of AAA and the expedited nature of arbitration. The guidelines below are only guidelines, do not establish a minimum or maximum of discovery, and will be applied subject to these principles. Thus, there may be cases which warrant more or less discovery than that outlined below.

- At least 20 days before the arbitration hearing, the Parties must submit the names and addresses of the witnesses each party intends to produce and any documents each party intends to present. The Parties may add to such information up to 10 days before the hearing. All such submissions are final after that point absent a finding of good cause by the arbitrator.
- In general, the Parties may take the depositions of all expert witnesses and up to 3 other individuals. Any individual who certifies he/she has no direct knowledge of the facts should not be deposed as a fact witness. At least 10 days' prior notice should be given by the party requesting a deposition and advance efforts should be made to mutually agree on deposition dates, including the time and place for any depositions to be taken. The party requesting the deposition is responsible for all related costs for that deposition. Discovery must be completed at least 20 days before the hearing. The arbitrator may alter the timing and scope of discovery as necessary or upon request of the Parties.
- The arbitrator will resolve discovery disputes and may expand or restrict the scope of discovery within his or her reasonable discretion, and the rules of AAA consistent with the expedited nature of arbitration.

(e) **Prehearing Motions:** The arbitrator is authorized to consider and rule on prehearing motions, including discovery motions, motions to dismiss and summary judgment on the claims, provided that the other party has reasonable notice and time to respond to any such prehearing motions. Any dispute which fails to state a claim upon which relief may be granted under applicable law (including, but not limited to claims that are barred by the applicable statute of limitations or mandated timeframe for filing such claim, or that are barred by an enforceable release, or involve a claim against someone who was not associated with the conduct at issue) is subject to dismissal without an evidentiary hearing. Any ruling regarding such motion shall be made consistent with the Form of Decision and Scope of Relief sections in this Agreement.

(f) **Time of Decision:** The arbitrator will make the decision within 30 days of the close of the hearing or as soon as possible thereafter, unless otherwise agreed to by the Parties or otherwise specified by law.

(g) **Form of Decision:** The decision will be in writing and signed by the arbitrator. Unless otherwise agreed to by the Parties, the decision will include a summary of claims arbitrated and decided, a reasoned opinion setting forth any findings of fact or conclusions of law, and damages and other relief (if any) granted. All decisions shall be executed in the manner required by law. The decision will be final and binding upon the Parties, and appeal of the decision to a court shall be limited as provided by the FAA.

(h) **Scope of Relief:** The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court, including the award of monetary damages and the imposition of requirements on the Parties (including injunctive relief), as permitted by applicable law. The arbitrator may award only such relief as may be granted for a Covered Claim brought in court on an individual basis under applicable law. The arbitrator may award

punitive or exemplary damages or attorneys' fees as provided or limited by applicable law. Nothing in this Agreement is intended or should be construed to limit the remedies that otherwise would be available to the Parties in a court of law.

(l) **Enforcement of Arbitration Decision/Judicial Procedure:** The decision of the arbitrator may be enforced under the terms of the FAA to the maximum extent possible. Either party may have an arbitration decision enforced in a court of law in accordance with applicable the FAA. If this occurs, neither the arbitrator nor AAA will be involved in the court proceedings.

If a court determines that the decision is not completely enforceable, it will be enforced and binding on both parties to the maximum extent permitted by law.

8. **SEVERABILITY:** If any part of this Agreement is held to be void or unenforceable, the remainder of the Agreement will be enforceable and any part may be severed from the remainder as appropriate, to the extent permitted by law. For example, if a court determines that a particular provision of this Agreement is in conflict with a mandatory provision of applicable law in that jurisdiction, such provision(s) will not be enforced in that jurisdiction, but the exclusivity of the Agreement and its use of arbitration as the sole and exclusive forum for all Covered Claims within its scope shall not be affected. Any dispute as to the arbitrability of a particular issue or claim pursuant to this Agreement is to be resolved in arbitration. Notwithstanding the foregoing, any issue concerning the validity of the class, collective, or representative or joint action waiver provided in Paragraph 4 of this Agreement must be decided by a court with jurisdiction over the Parties, and an arbitrator does not have authority to consider the issue of the validity of the waiver. If for any reason the class, collective, or representative or joint action waiver is found to be unenforceable, the class, collective, or representative or joint action may only be heard in court and may not be arbitrated under this Agreement

9. **AMENDMENT OR TERMINATION OF AGREEMENT:** JPMorgan Chase reserves the right to amend, modify or discontinue this Agreement at any time in its sole discretion to the extent permitted by applicable law. Such amendments may be made by publishing them on the JPMorgan Chase Intranet or by separate notification to me and shall be effective 30 calendar days after such amendments are provided to me and will apply on a going-forward basis only. Amendment, modification or discontinuation of the Agreement will not affect pending arbitration proceedings. Continuation of my employment after receiving such amendments or modifications will be considered my acceptance of the amended terms.

This Agreement does not alter the voluntary ("at will") nature of my employment relationship with the Firm, nor does it afford any rights or remedies not otherwise available under applicable law. Of course, this Agreement does not require that JPMorgan Chase initiate arbitration before taking corrective action of any kind, including termination of employment.

Copyright ©2020 JPMorgan Chase & Co.

**THIS PAGE INTENTIONALLY LEFT BLANK**

PERSONAL & CONFIDENTIAL

As you authorized in your application for employment, we have recently completed a background investigation as part of our employment process. The purpose of this letter is to inform you that there is information in the report we received which, if accurate, would affect your employment with us at this time. A copy of the report is attached.

If, after reviewing the report, you believe that information in the report is inaccurate, please contact Business Information Group, Inc. directly within five days at (800) 260-1680. If we do not hear from you, we will assume the information is correct as reported and your employment will be denied.

The Report was requested from the investigative consumer reporting agency named below:

**Business Information Group, Inc.**
**P.O. Box 541**
**Southampton, PA 18966**
**Phone: (800) 260-1680**

Please note that Business Information Group, Inc. does not make employment decisions and cannot tell you the specific reasons why we may make this decision.

Attached is also a Summary of your Rights under the federal Fair Credit Reporting Act. You have the right to dispute any information in this report directly with Business Information Group, Inc. at the above address or phone number.

Sincerely yours,

**JPMorgan Global Workforce Screening Team**

Plaintiff's
Exhibit D

THIS PAGE INTENTIONALLY LEFT BLANK

June 16, 2020

*Via U.S. Certified Mail*

Online Information Services, Inc.
C/O Registered Agent
Corporation Service Company
50 West Broad Street
Suite 1330
Columbus, OH 43215

CAMPBELL PERRY LLC

RE: *Account No. 519166XXXXXXXXXX – Robert W. Babcock*

To Whom It May Concern:

Please be advised that our office has been retained by Mr. Robert W. Babcock as to a debt that you wrongfully reported to the credit bureaus, and are attempting to collect on behalf of Duke Energy.

It is our understanding that, on or about April 29, 2020, Mr. Babcock received a final bill from Duke Energy in the amount of $117.^{25}. A true and accurate copy of the final bill is attached hereto, marked **Exhibit A**. Online Information Services, Inc. (hereinafter "Online Collections" or "Defendant") subsequently acquired the account, and reported a past due balance of $7,482.^{00}, which balance was categorized as *"[s]eriously past due date / assigned to attorney, collection agency, or credit grantor . . ."* A true and accurate copy of Mr. Babcock's Experian report is attached hereto, marked **Exhibit B**.

We have reviewed the matter with Mr. Babcock, but his April 29, 2020 final balance was only $117.^{25}. Accordingly, we are herein formally requesting that you reply, within fourteen (14) days of receipt of this letter, with an accounting of the amount you believe your client is owed, to verify whether the amount claimed has been correctly assessed. Please include all supporting documentation, specifically a copy of the alleged ledger for Mr. Babcock's account.

The Fair Debt Collection Practices Act ("FDCPA") prohibits unfair practices in connection with a debt collection. In pertinent part, 15 U.S.C. § 1692f(1) prohibits collection of any amount not expressly authorized by agreement or permitted by law. The FDCPA further provides for actual damages, statutory damages, costs, and reasonable attorney's fees.

7240 Muirfield Drive, Suite 120
Dublin, OH 43017

614-558-0125 Main
614-668-8442 Direct
614-675-2210 Fax
*jeff@campbellperrylaw.com*

www.campbellperrylaw.com

Plaintiff's
Exhibit E

Case: 2:20-cv-05187-ALM-CMV Doc #: 1-1 Filed: 10/02/20 Page: 39 of 71 PAGEID #: 43
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 26 6:15 PM-20CV005676

CAMPBELL PERRY LLC

Plainly, the balance you reported is a fabrication, and your attempt to collect $7,482.[00] from my client is a bad faith effort at coercion. Mr. Babcock's credit scores have already suffered due to your illegitimate collection action. As it happens, a lucrative job opportunity was recently rescinded upon a background check, due to Mr. Babcock's erroneous credit reports. It is anticipated that you may refer to § 1692k(c) and the bona fide error defense. However, your collection was at least negligent, and seems very likely to have been willful and wanton.

As a consequence, my client intends to seek damages pursuant to the FDCPA and the Fair Credit Reporting Act ("FCRA"), plus attorney's fees. My client will further require your written assurance that you have corrected the inaccuracies with Experian, and with TransUnion, and Equifax. Please note, as you have no privity of contract, you are not in compliance, and any further attempt to collect from Mr. Babcock would be improper at this time.

Online Collections' responsibility to compensate for the above violations is well founded and clearly supported by Federal law. It is Mr. Babcock's intention to attempt to resolve this issue without the need for ongoing expense or litigation. Accordingly, upon receipt of this letter, you or your attorney should certainly contact my office to discuss these issues, options, and courses of action. Please do not attempt to contact Mr. Babcock directly and refer all correspondence instead to my attention. Thank you for your consideration in this matter.

Should we not hear from you, I will have no choice but to advise my client as to all legal and equitable remedies that he has available in regard to this discrepancy, including, but not limited to, bringing claims with a request for punitive damages.

Sincere Regards,

Jeffrey T. Perry, Esq.
Campbell Perry, LLC
Supreme Court No.: 0088989

Enclosures

cc: Duke Energy Ohio, Inc.
Robert W. Babcock

7240 Muirfield Drive, Suite 120
Dublin, OH 43017

614-558-0125 Main
614-668-8442 Direct
614-675-2210 Fax
*jeff@campbellperrylaw.com*

www.campbellperrylaw.com

UNITED STATES POSTAL SERVICE

August 26, 2020

Dear Jeff Perry:

The following is in response to your request for proof of delivery on your item with the tracking number: **9414 8118 9956 3538 4196 64.**

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | June 19, 2020, 11:36 am |
| **Location:** | COLUMBUS, OH 43215 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™<br>Return Receipt Electronic |
| **Recipient Name:** | Agent Corporation Service Company |

## Shipment Details

| | |
|---|---|
| **Weight:** | 2.0oz |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | [signature] |
| Address of Recipient: | [handwritten] |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

Plaintiff's
Exhibit F

**THIS PAGE INTENTIONALLY LEFT BLANK**

UNITED STATES POSTAL SERVICE

August 26, 2020

Dear Jeff Perry:

The following is in response to your request for proof of delivery on your item with the tracking number: **9414 8118 9956 3926 2786 75**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | June 22, 2020, 2:40 pm |
| **Location:** | CINCINNATI, OH 45202 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™<br>Return Receipt Electronic |
| **Recipient Name:** | Duke Energy Ohio Inc C O Registered Agent |

| Shipment Details | |
|---|---|
| **Weight:** | 2.0oz |

Recipient Signature

| | |
|---|---|
| Signature of Recipient: | Jared COV 19 |
| Address of Recipient: | 139 E 4th |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

Plaintiff's
Exhibit G

**THIS PAGE INTENTIONALLY LEFT BLANK**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 26 6:15 PM-20CV005676
0F221 - F45

Score Increase

Good news, Your FICO® Score has increased by 86 points!

Jul 11, 2020

hat happened?

our FICO Score has increased 86 points to 741!

Good
Very Good
740 - 799
Fair
741
↑86 pts
FICO SCORE Learn more
Experian data 7/11/2020
300
850

Compare all 3 Credit Scores

Your credit information at the three credit bureaus can be different. Add your Equifax and Transunion FICO® Scores today.

Review my 3 scores

Not Correct?

Plaintiff's
Exhibit H

THIS PAGE INTENTIONALLY LEFT BLANK

Jul 19

↑ 22 pts
to 681

We found **1 change** to your Equifax credit report.

**Accounts In Collection Removed**

ONLINE INFORMATION S

Collections
Account Removed

This is great news! Collections accounts can do a lot of damage to your credit score, so getting one removed is often great for your credit health. Collections accounts are typically removed after seven years, or could be removed due to a dispute or settlement.

ONLINE INFORMATION S

Plaintiff's
Exhibit I

**THIS PAGE INTENTIONALLY LEFT BLANK**

**Jul 19**

↑ **21 pts**
to 673

We found **1 change** to your Transunion credit report.

**Accounts In Collection Removed**

ONLINE INFORMATION SERVI — Collections Account Removed

This is great news! Collections accounts can do a lot of damage to your credit score, so getting one removed is often great for your credit health. Collections accounts are typically removed after seven years, or could be removed due to a dispute or settlement.

ONLINE INFORMATION SERVI

Plaintiff's
Exhibit J

**THIS PAGE INTENTIONALLY LEFT BLANK**

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

**CERTIFIED MAIL**

USPS CERTIFIED MAIL

9214 8901 1952 2805 9622 32

20CV-08-5676 H ADDR: 1
88989 JEFFREY T. PERRY

F O R W A R D I N G S E R V I C E R E Q U E S T E D

BABCO
ONLINE INFORMATION SERVIC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH
43215

4321520CV05676BABCO



E3217 - N89

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

ROBERT W. BABCOCK
3910 BRAIDWOOD DRIVE
HILLIARD, OH 43026,

PLAINTIFF,

VS.

ONLINE INFORMATION SERVICES INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215,

DEFENDANT.

20CV-08-5676
CASE NUMBER

**** SUMMONS **** 08/26/20

TO THE FOLLOWING NAMED DEFENDANT:
ONLINE INFORMATION SERVICES INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY: ROBERT W. BABCOCK
3910 BRAIDWOOD DRIVE
HILLIARD, OH 43026,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
JEFFREY T. PERRY
7240 MUIRFIELD DR STE 120
DUBLIN, OH 43017

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: BROOKE ELLIOTT, DEPUTY CLERK

(CIV370-S03)

E322 P68

UNITED STATES POSTAL SERVICE.

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO

2020 SEP -9 PM 1:39

CLERK OF COURTS

Date Produced: 09/07/2020

COC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1952 2805 9622 49. Our records indicate that this item was delivered on 09/03/2020 at 10:30 a.m. in CINCINNATI, OH 45202. The scanned image of the recipient information is provided below.

Signature of Recipient : USPS-19
USPS-19

Address of Recipient : 139 E 4TH
DOCK

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 4520220CV05676BABCO

E3217 - N88

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

ROBERT W. BABCOCK
3910 BRAIDWOOD DRIVE
HILLIARD, OH 43026,

PLAINTIFF,

VS.

ONLINE INFORMATION SERVICES INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215,

DEFENDANT.

20CV-08-5676
CASE NUMBER

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2020 AUG 28 PM 4:04
CLERK OF COURTS

**** SUMMONS **** 08/26/20

TO THE FOLLOWING NAMED DEFENDANT:
DUKE ENERGY
C/O DUKE ENERGY OHIO INC
139 EAST FOURTH STREET
CINCINNATI, OH 45202

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY: ROBERT W. BABCOCK
3910 BRAIDWOOD DRIVE
HILLIARD, OH 43026,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
JEFFREY T. PERRY
7240 MUIRFIELD DR STE 120
DUBLIN, OH 43017

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: BROOKE ELLIOTT, DEPUTY CLERK

(CIV370-S03)

E3220 P67

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO

2020 SEP -9 PM 1:39

CLERK OF COURTS

Date Produced: 09/07/2020

COC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1952 2805 9622 32. Our records indicate that this item was delivered on 09/02/2020 at 12:00 p.m. in COLUMBUS, OH 43215. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 4321520CV05676BABCO

**E3217 - M87**

FROM

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

CERTIFIED
MAIL
RECEIPT

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2020 AUG 28 PM 4:08
CLERK OF COURTS

08/27/20

DUKE ENERGY
C/O DUKE ENERGY OHIO
139 EAST FOURTH STREE
CINCINNATI, OH
45202

20CV-08-5676 H

ROBERT W. BABCOCK
VS
ONLINE INFORMATION SE

SERVICE ITEM: 01
ORIGINAL SUMMONS

CERTIFIED
NUMBER

9214890119 522805962249

CIV354

**E3217 - M88**

FROM

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D
M A I L
R E C E I P T

08/27/20

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2020 AUG 28 PM 4:08
CLERK OF COURTS

ONLINE INFORMATION SE
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH
43215

20CV-08-5676 H

ROBERT W. BABCOCK
VS
ONLINE INFORMATION SE

SERVICE ITEM: 01
ORIGINAL SUMMONS

CERTIFIED
NUMBER

9214890119 522805962232

CIV354

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 26 6:15 PM-20CV005676

0F221 - F48

**MARYELLEN O'SHAUGHNESSY**

**FRANKLIN COUNTY CLERK OF COURTS**
**GENERAL DIVISION, COURT OF COMMON PLEAS**

**CASE TITLE: ROBERT W BABCOCK -VS- ONLINE INFORMATION SERVICES INC ET AL** | **CASE NUMBER: 20CV005676**

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
CASE INFORMATION SHEET
COMPLAINT
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS
EXHIBITS

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
DUKE ENERGY
C/O DUKE ENERGY OHIO INC
139 EAST FOURTH STREET
CINCINNATI, OH 45202

ONLINE INFORMATION SERVICES INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH 43215

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 26 6:15 PM-20CV005676
0F221 - F49

JUVENILE CITATIONS ONLY:

HEARING TYPE:

__ Date already scheduled at : Courtroom:

**Electronically Requested by:** JEFFREY THOMAS PERRY
**Attorney for:**



**null / ALL**
**Transmittal Number: 21644159**
**Date Processed: 06/22/2020**

# Notice of Service of Process

**Primary Contact:** Paul Lengyel
Online Information Services, Inc.
685 W. Firetower Road
Winterville, NC 28590

| | |
|---|---|
| **Entity:** | Online Information Services, Inc.<br>Entity ID Number 2097582 |
| **Entity Served:** | Online Information Services, Inc. |
| **Title of Action:** | Robert W. Babcock vs. Online Information Services, Inc. |
| **Document(s) Type:** | OTHER: Letter Re: Notice of Action |
| **Nature of Action:** | Violation of State/Federal Act |
| **Case/Reference No:** | 519166XXVJ0000CX |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 06/19/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jeffrey T. Perry<br>614-558-0125 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**June 16, 2020**

*Via U.S. Certified Mail*

Online Information Services, Inc.
C/O Registered Agent
Corporation Service Company
50 West Broad Street
Suite 1330
Columbus, OH 43215

CAMPBELL PERRY LLC

RE: *Account No. 519166XXXXXXXXXX – Robert W. Babcock*

To Whom It May Concern:

Please be advised that our office has been retained by Mr. Robert W. Babcock as to a debt that you wrongfully reported to the credit bureaus, and are attempting to collect on behalf of Duke Energy.

It is our understanding that, on or about April 29, 2020, Mr. Babcock received a final bill from Duke Energy in the amount of $117.25. A true and accurate copy of the final bill is attached hereto, marked **Exhibit A**. Online Information Services, Inc. (hereinafter "Online Collections" or "Defendant") subsequently acquired the account, and reported a past due balance of $7,482.00, which balance was categorized as *"[s]eriously past due date / assigned to attorney, collection agency, or credit grantor . . ."* A true and accurate copy of Mr. Babcock's Experian report is attached hereto, marked **Exhibit B**.

We have reviewed the matter with Mr. Babcock, but his April 29, 2020 final balance was only $117.25. Accordingly, we are herein formally requesting that you reply, within fourteen (14) days of receipt of this letter, with an accounting of the amount you believe your client is owed, to verify whether the amount claimed has been correctly assessed. Please include all supporting documentation, specifically a copy of the alleged ledger for Mr. Babcock's account.

The Fair Debt Collection Practices Act ("FDCPA") prohibits unfair practices in connection with a debt collection. In pertinent part, 15 U.S.C. § 1692f(1) prohibits collection of any amount not expressly authorized by agreement or permitted by law. The FDCPA further provides for actual damages, statutory damages, costs, and reasonable attorney's fees.

7240 Muirfield Drive, Suite 120
Dublin, OH 43017

614-558-0125 Main
614-668-8442 Direct
614-675-2210 Fax
*jeff@campbellperrylaw.com*

www.campbellperrylaw.com

Plainly, the balance you reported is a fabrication, and your attempt to collect $7,482.00 from my client is a bad faith effort at coercion. Mr. Babcock's credit scores have already suffered due to your illegitimate collection action. As it happens, a lucrative job opportunity was recently rescinded upon a background check, due to Mr. Babcock's erroneous credit reports. It is anticipated that you may refer to § 1692k(c) and the bona fide error defense. However, your collection was at least negligent, and seems very likely to have been willful and wanton.

CAMPBELL PERRY LLC

As a consequence, my client intends to seek damages pursuant to the FDCPA and the Fair Credit Reporting Act ("FCRA"), plus attorney's fees. My client will further require your written assurance that you have corrected the inaccuracies with Experian, and with TransUnion, and Equifax. Please note, as you have no privity of contract, you are not in compliance, and any further attempt to collect from Mr. Babcock would be improper at this time.

Online Collections' responsibility to compensate for the above violations is well founded and clearly supported by Federal law. It is Mr. Babcock's intention to attempt to resolve this issue without the need for ongoing expense or litigation. Accordingly, upon receipt of this letter, you or your attorney should certainly contact my office to discuss these issues, options, and courses of action. Please do not attempt to contact Mr. Babcock directly and refer all correspondence instead to my attention. Thank you for your consideration in this matter.

Should we not hear from you, I will have no choice but to advise my client as to all legal and equitable remedies that he has available in regard to this discrepancy, including, but not limited to, bringing claims with a request for punitive damages.

Sincere Regards,

Jeffrey T. Perry, Esq.
Campbell Perry, LLC
Supreme Court No.: 0088989

Enclosures

cc: Duke Energy Ohio, Inc.
Robert W. Babcock

7240 Muirfield Drive, Suite 120
Dublin, OH 43017

614-558-0125 Main
614-668-8442 Direct
614-675-2210 Fax
*jeff@campbellperrylaw.com*

www.campbellperrylaw.com

DUKE ENERGY

** FINAL BILL **

| Amount Due |
| --- |
| $ 117.25 |

Account Number 9250-0478-48-0 10 0[illegible]

Amount Enclosed

ROBERT BABCOCK
5301 KENWOOD RD
CINCINNATI OH 45227-1603

PO Box 1326
Charlotte NC 28201-1326

400 00000117250 925004784810 000000000 00000117250

** FINAL BILL ** [illegible] Page 1 of 1

| Name/Service Address | For Inquiries Call | | Account Number |
| --- | --- | --- | --- |
| Robert Babcock<br>122 Parkm [illegible]<br>FL 1<br>Cincinnati OH 45219 | Duke Energy | 1-800-544-6900 | 9250-0478-48-0 |

| Mail Payments To | Account Information | |
| --- | --- | --- |
| PO Box 1326<br>Charlotte NC 28201-1326 | Payments after Apr 22 not included | Bill prepared on Apr 8th, 2020 |

| Current Billing | |
| --- | --- |
| Amt Due - Previous Bill | $ 115.52 |
| Late Payment Charge(s) | 1.73 |
| Current Amount Due | $ 117.25 |

Charges from your Electric Supplier were unavailable at billing and will appear on a future bill.

If you have any questions about electric supplier service received from Liberty Power Holdings, please call them at 1-866-769-3799 or write to 2100 W. Cypress Creek Road Suite 130 Fort Lauderdale, FL 33309

ROBERT W BABCOCK - Experian
Date of Report: May 5, 2020

experian.

ONLINE COLLECTIONS
519166XXXXXXXXXX

NotsatisfyingF20_TRADE

**ACCOUNT DETAILS**

| | |
|---|---|
| Account Name | ONLINE COLLECTIONS |
| Account # | 519166XXXXXXXXXX |
| Original Creditor | DUKE ENERGY MW |
| Company Sold | - |
| Account Type | COLLECTION |
| Date Opened | Jul 2017 |
| Account Status! | NotsatisfyingF20_TRADE |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| Status Updated | Jul 2017 |
| Balance | $7,482 |
| Balance Updated | Apr 13, 2020 |
| Original Balance | $7,482 |
| Monthly Payment | - |
| Past Due Amount | $7,482 |
| Highest Balance | - |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | Completed investigation of FCRA dispute — consumer disagrees |
| Comments | Subscriber reports dispute resolved - consumer disagrees<br>Completed investigation of FCRA dispute — consumer disagrees |

**CONTACT INFORMATION**

PO BOX 1489
WINTERVILLE, NC 28590
(252) 757-2101

**PAYMENT HISTORY**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | Collection | Collection | Collection | Collection | | | | | | | | |
| 2019 | Collection | Collection | Collection | Collection | Collection | Collection | Collection | | Collection | Collection | Collection | Collection |
| 2018 | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection | Collection |
| 2017 | | | | | | | | Collection | Collection | Collection | Collection | Collection |

Data Unavailable

Plaintiff's Exhibit B

Summary | Accounts | Collections | Inquiries | Public Records | Credit Score



CERTIFIED MAIL®
9414 8118 9956 3538 4196 64

$6.45[0]
US POSTAGE
FIRST-CLASS
FROM 43017
06/15/2020
stamps endicia
062S0009452421

Online Information Services, Inc.
C/O Registered Agent
Corporation Service Company
50 W Broad St Suite 1330
Columbus OH 43215-3307

CAMPBELL PERRY, LLC

ATTORNEYS AT LAW
7240 Muirfield Drive • Suite 120 • Dublin, Ohio 43017

Online Information Services, Inc.
C/O Registered Agent
Corporation Service Company
50 West Broad Street
Suite 1330
Columbus, OH 43215



**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

| | | |
|---|---|---|
| **ROBERT BABCOCK** | : | **Case No.: 20CV005676** |
| | : | |
| **Plaintiff,** | : | **JUDGE:** |
| | : | |
| **v.** | : | |
| | : | |
| **ONLINE INFORMATION SERVICES, INC. et al.** | : | **NOTICE OF APPEARANCE OF COUNSEL** |
| | : | |
| **Defendants.** | : | |

Defendant, Duke Energy Ohio, Inc. (incorrectly designated as Duke Energy) gives notice of the appearance of James E. McLean of Duke Energy Business Services, 139 East Fourth Street, M/C 1212-M, Cincinnati, OH, 45202, as their counsel in the above-captioned matter.

Respectfully submitted,
***/s/ James McLean***
James E. McLean, Esq. (0046868)
*Attorney for Defendant, Duke Energy Ohio, Inc.*
139 East Fourth Street, M/C 1212-M
Cincinnati, Ohio 45202
(513) 287-4341 (telephone)
(513) 287-4386 (facsimile)
Email: James.McLean@duke-energy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this **15th** day of September 2020, a true and accurate copy of the foregoing document was filed electronically through the Franklin County Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and parties may access this filing through the Court's electronic filing system. Any others have been served via electronic mail as indicated below:

jeff@campbellperrylaw.com
Jeffrey T. Perry, Esq.
Campbell Perry, LLC
7240 Muirfield Drive, Ste 120
Dublin, Ohio 43017
*Attorney for Plaintiff*

ONLINE INFORMATION SERVICES, INC.
C/O Registered Agent
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215
*Defendant*

*/s/ James E. McLean, Esq.*
James E. McLean, Esq.

**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

| | | |
|---|---|---|
| **ROBERT BABCOCK** | : | **Case No.: 20CV005676** |
| | : | |
| **Plaintiff,** | : | **JUDGE:** |
| | : | |
| **v.** | : | |
| | : | **STIPULATION GRANTING DEFENDANT, DUKE ENERGY OHIO, INC., (incorrectly designated as Duke Energy) AN EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE PLEAD** |
| **ONLINE INFORMATION SERVICES, INC. et al.** | : | |
| **Defendants.** | : | |

By agreement between Plaintiff and Defendant, Duke Energy Ohio, Inc. (incorrectly designated as Duke Energy), Defendant Duke Energy Ohio, Inc. is hereby granted an extension of time up to and including October 30, 2020 to Answer, move, or otherwise plead in response to Plaintiff's Complaint.

**HAVE SEEN AND AGREE:**

*/s/ James E. McLean*
James E. McLean, Esq. (0046868)
Duke Energy Office of General Counsel
139 E. Fourth St., M/C 1212-M
Cincinnati, OH 45202
*Attorney for Defendant, Duke Energy Ohio, Inc.*

*/s/ Jeffrey T. Perry by email authorization 9/15/2020*
Jeffrey T. Perry, Esq. (0088989)
Campbell Perry, LLC
7240 Muirfield Drive, Ste 120
Dublin, Ohio 43017
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **15th** day of September 2020, a true and accurate copy of the foregoing document was filed electronically through the Franklin County Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and parties may access this filing through the Court's electronic filing system. Any others have been served via electronic mail as indicated below:

jeff@campbellperrylaw.com
Jeffrey T. Perry, Esq.
Campbell Perry, LLC
7240 Muirfield Drive, Ste 120
Dublin, Ohio 43017
*Attorney for Plaintiff*

ONLINE INFORMATION SERVICES, INC.
C/O Registered Agent
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215
*Defendant*

*/s/ James E. McLean, Esq.*
James E. McLean, Esq.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 23 3:36 PM-20CV005676

**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

| | |
|---|---|
| ROBERT BABCOCK<br><br>Plaintiff,<br><br>v.<br><br>ONLINE INFORMATION SERVICES, INC., et al.<br><br>Defendants. | Case No.: 20CV005676<br><br>Judge: Jeffrey M. Brown<br><br>**NOTICE OF APPEARANCE** |

NOW COMES Jeffrey R. Vaisa, of the law firm of Lewis Brisbois Bisgaard & Smith, LLP, located at 1375 East Ninth Street, Suite 2250, Cleveland, OH 44114, and hereby enter his appearance as Counsel of Record for Defendant, Online Information Services, Inc. All pleadings, orders, notices, and correspondence relating to this action should be served on the undersigned at the address set forth below.

Respectfully Submitted,

/s/ Jeffrey R. Vaisa

JEFFREY R. VAISA (0096010)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9463
Fax 216.344.9421
Jeff.Vaisa@lewisbrisbois.com

*Attorney for Defendant Online Information Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via regular U.S. Mail, postage prepaid, and/or electronic mail on this 23rd day of September, 2020, to the following:

Jeffrey T. Perry, Esq.
Campbell Perry, LLC
7240 Muirfield Drive, Ste 120
Dublin, Ohio 43017
*Attorney for Plaintiff*

James E. McLean, Esq.
139 East Fourth Street, M/C 1212-M
Cincinnati, Ohio 45202
James.McLean@duke-energy.com
*Attorney for Defendant, Duke Energy Ohio, Inc.*

/s/ Jeffrey R. Vaisa
JEFFREY R. VAISA (0096010)

*Attorney for Defendant Online Information Services, Inc.*

**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

ROBERT BABCOCK

Plaintiff,

v.

ONLINE INFORMATION SERVICES, INC., et al.

Defendants.

Case No.: 20CV005676

Judge: Jeffrey M. Brown

**STIPULATION GRANTING DEFENDANT, ONLINE INFORMATION SERVICES, INC. AN EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE PLEAD**

Plaintiff and Defendant, Online Information Services, Inc., stipulate to an extension of time up to and including October 28, 2020, for Defendant Online Information Services, Inc. to Answer, move, or otherwise plead in response to Plaintiff's Complaint. Defendant Online Information Services, Inc. has taken no prior extensions.

*/s/ Jeffrey T. Perry by phone authorization 9/29/2020*
Jeffrey T. Perry, Esq. (0088989)
Campbell Perry, LLC
7240 Muirfield Drive, Ste 120
Dublin, Ohio 43017
*Attorney for Plaintiff*

/s/ *Jeffrey R. Vaisa*
JEFFREY R. VAISA (0096010)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9463
Fax 216.344.9421
Jeff.Vaisa@lewisbrisbois.com
*Attorney for Defendant Online Information Services, Inc.*